UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 04-531-JBC

PATRICIA BRAUER,                                                                              PLAINTIFF,

V.              MEMORANDUM OPINION AND ORDER

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,                                                                                   DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motions of the plaintiff, Patricia Brauer, for summary judgment and the defendant, Prudential Insurance Company of America ("Prudential"), for judgment on judicial review. Having reviewed the record and being otherwise sufficiently advised, the court will grant the defendant's motion and deny the plaintiff's motion.

**I.      Factual Background**

On July 6, 2003, Michael Brauer died from accidental alcohol poisoning. He had been drinking very heavily the previous night, continuing into the early morning. At the time of his death, Mr. Brauer was employed by Tokico, U.S.A. Pursuant to an agreement with Tokico, Prudential issued group accidental death and dismemberment coverage to fund Tokico's employee benefit Plan. Loss of life is covered under the policy. However, no benefits are paid if the death occurs from intoxication. Another section gives Prudential, as Claims Administrator for the Plan, discretion to determine eligibility for benefits. Both points of information were included in the Plan documents.

Mr. Brauer participated in the Plan; Ms. Brauer was the beneficiary. Soon after Mr. Brauer's death, Ms. Brauer sought payment for her husband's accidental death. Prudential denied this claim because of the intoxication exclusion, noting that Mr. Brauer's death certificate indicated that the cause of death was alcohol poisoning, that his blood alcohol content ("BAC") was 0.318% at the time of death, and that the legal intoxication limit in Kentucky is a BAC of 0.08%.

**II.  Legal Standard**

This action is governed by ERISA's civil enforcement system, 29 U.S.C. § 1132. An administrator's decision to deny benefits is reviewed under a *de novo* standard unless the Plan provides the administrator with "discretionary authority to determine eligibility for benefits or to construe the terms of the Plan." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 613 (6th Cir. 1998) citing *Firestone Tire & Rubber Co. v. Burch*, 489 U.S. 101, 115 (1989). When the administrator has discretionary authority to determine benefits, the court reviews the decisions to deny benefits under the "highly deferential arbitrary and capricious standard of review." *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996).

In this case, a paragraph in the Summary Plan Description provides:

> This Group Contract underwritten by The Prudential Insurance Company of America provides insured benefits under your Employer's ERISA plan(s). The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims

>Administrator shall not be overturned unless arbitrary and capricious.

This paragraph is located at the top of the second page of the Summary Plan Description. Despite this paragraph, Ms. Brauer argues that the court should apply a *de novo* standard of review because Tokico, listed as the Plan Administrator, did not have discretionary authority over the terms of the Plan and did not make any coverage determination.[1] According to Ms. Brauer, because Prudential was not specifically listed as a "Plan Administrator," it cannot have discretionary authority to determine eligibility for benefits or to construe terms of the plan.

An administrator is an entity "specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(I). Here, the Summary Plan Description states that Prudential is the "Claims Administrator" with the sole discretion "to interpret the terms of the Group Contract, to make factual findings, and determine eligibility benefits." This language is sufficient to establish that Prudential was, indeed, an administrator with the discretionary authority mentioned. Therefore, the court will apply the arbitrary and capricious standard of review.

"[T]he arbitrary and capricious standard is the least demanding form of

---

[1] The parties had previously agreed that an arbitrary and capricious standard of review would apply. (DE 7). The court is not bound by the parties' stipulation and the court does not consider it in determining the appropriate standard of review. *See Swift & Co. v. Hocking Valley Ry. Co.*, 243 U.S. 281, 290 (1917) ("[T]he court cannot be controlled by agreement of counsel on a subsidiary question of law").

judicial review of administrative action. When applying the arbitrary and capricious standard, the Court must decide whether the Plan administrator's decision was rational in light of the Plan's provisions. Stated differently, when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary and capricious." *Williams v. Int'l Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000) (internal citations and quotations omitted). Review under the arbitrary and capricious standard is highly deferential, but does not automatically mandate adherence to Prudential's decision. *McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 172 (6th Cir. 2003). "Deferential review is not no review, and deference need not be abject." *Id.* Further, the court's review is limited to the record that was before the decision-maker when the denial of benefits became final. *See Miller v. Metro. Life Ins. Co.*, 926 F.2d 979, 986 (6th Cir. 1991).

**III.     Analysis**

Ms. Brauer argues that Prudential's determination that the legal BAC limit was 0.08% was an improper extension of Kentucky's drunk driving laws. She also argues that because the policy does not define "intoxication," that term must be interpreted in a manner most favorable to the insured. Similarly, because "intoxication" is ambiguous, Ms. Brauer argues that the doctrine of reasonable expectations mandates coverage.

Under ERISA, construction of Plan terms is governed by federal common law rules of contract interpretation. *Perez v. Aetna Life Ins. Co.,* 150 F.3d 550, 556

(6th Cir. 1998); *Turner v. Safeco Life Ins. Co.*, 17 F.3d 141, 145 (6th Cir. 1994). These principles dictate that the Plan's provisions be given their plain meaning in an ordinary and popular sense. *Perez*, 150 F.3d at 556; *Turner*, 17 F.3d at 145. "Federal law gives . . . no right to torture language in an attempt to force particular results or to convey delitescent[2] nuances the contracting parties never intended or imagined." *Turner* 17 F.3d at 145. The ordinary and popular meaning of "intoxication" includes alcohol poisoning. The term is not ambiguous. *See Black's Law Dictionary* 426 (Special Deluxe Ed. 1986); *The Am. Heritage College Dictionary* 712 (3d ed. 1993) (defining "intoxicate"); *Miriam Webster's New Collegiate Dictionary* 606 (1976). *See also* K.R.S. § 222.005(7) (defining intoxication for the purposes of state law). Because Mr. Brauer's death certificate listed his cause of death as alcohol poisoning, Prudential's decision that the death resulted from intoxication was not arbitrary or capricious. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for judgment on judicial review (DE 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STRICKEN** from the court's docket.

---

[2] "Delitescent" means concealed, hidden, or latent.

Signed on January 4, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY